IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff/Respondent,**

v.                                  Case No. 07-20168-04-JWL

**Shevel M. Foy,**

    **Defendant/Petitioner.**

## MEMORANDUM & ORDER

On February 1, 2008, Shevel Foy was charged along with twenty-three other individuals in a 39-count superseding indictment. Ultimately, a jury convicted Mr. Foy of conspiracy to manufacture, possess with intent to distribute or to distribute cocaine base and/or cocaine.[1] At Mr. Foy's sentencing, the court found that Mr. Foy was accountable for in excess of 150 kilograms of cocaine, which corresponded to a base offense level of 38 (the highest level at that time). The court then increased that offense level by two levels based on Mr. Foy's possession of a firearm, for a total offense level of 40. With a criminal history score of I, the resulting guideline range was calculated to be 292 to 365 months and the court ultimately sentenced Mr. Foy to 360 months' imprisonment. *See id.*

On appeal to the Tenth Circuit, Mr. Foy argued that the court relied on insufficient and unreliable evidence in assessing the drug quantity attributable to him and that the court erred in

---

[1] The jury also convicted Mr. Foy of attempting to possess with intent to distribute between 500 grams and less than five kilograms of cocaine. The Tenth Circuit vacated that conviction due to improper venue. That ruling did not affect Mr. Foy's ultimate sentence, as the court imposed concurrent sentences of 360 months for each charge.

applying a two-level firearm enhancement. The Circuit affirmed the court's rulings on these issues. United States v. Foy, 641 F.3d 455 (10th Cir. 2011). Thereafter, the court denied Mr. Foy's motion to vacate under 28 U.S.C. § 2255 and the Circuit rejected Mr. Foy's request for a certificate of appealability.

This matter is now before the court on Mr. Foy's pro se motion for a sentence reduction under § 3582(c). In that motion, Mr. Foy contends that, under the amended Drug Quantity Table in U.S.S.G. § 2D1.1, his base offense level is now 36 and his total offense level is 38, with an amended guideline range of 262 months to 327 months imprisonment. In support of his argument, Mr. Foy contends that the court, at the sentencing hearing, found Mr. For responsible for 150 kilograms of cocaine, which now corresponds to a base offense level of 36. The government, in response, contends that the court in fact found Mr. Foy responsible for more than 450 kilograms of cocaine such that, under the amended Drug Quantity Table, Mr. Foy's base offense level remains at Level 38 with a total offense level of 40. In other words, the government contends that Mr. Foy is not entitled to relief under Amendment 782 because that amendment does not have the effect of lowering Mr. Foy's applicable guideline range.

A review of the sentencing transcripts from Mr. Foy's sentencing and from co-conspirator Monterial Wesley's sentencing supports the government's argument. While the court only needed to find Mr. Foy responsible for 150 kilograms of cocaine in order to meet the minimum threshold for the highest base offense level at that time, the court specifically found that Mr. Foy was responsible for 165 kilograms of cocaine supplied by Thomas Humphrey. The court further held that Mr. Foy "should be held responsible for all of the conduct of Mr. Wesley" based on the court's finding that Mr. Foy and Mr. Wesley were "partners in crime." In that

2

regard, the court found that "Mr. Foy and Mr. Wesley were both responsible for the joint undertaking and the receipt of cocaine from both Mr. Humphrey and Mr. Santa-Anna." The amounts attributed to Mr. Wesley and Mr. Foy were fleshed out in detail at Mr. Wesley's sentencing (which had occurred prior to Mr. Foy's sentencing).  At Mr. Wesley's sentencing, the court specifically found that Mr. Santa-Anna supplied 30 kilograms each month to the conspiracy over a two-and-a-half-year period from 2004 through mid-2006.  As a conservative estimate, the court attributed 40 percent of that weight, or 360 kilograms, to Mr. Wesley.   Mr. Santa-Anna's testimony at Mr. Foy's sentencing was substantially the same as it was at Mr. Wesley's sentencing hearing. Because the court specifically noted that it was holding Mr. Foy responsible for the same amounts attributable to Mr. Wesley, it is clear that the court found Mr. Foy responsible for drug quantities clearly exceeding the 450-kilogram threshold for a base offense level of 38 in the amended Drug Quantity Table.  With the same two-level increase for possession of a firearm, Mr. Foy's total offense level is 40 and, as the government contends, his guideline range remains 292 months to 365 months.

Because Amendment 782 does not have the effect of lowering Mr. Foy's guideline range, the court does not have jurisdiction to reduce Mr. Foy's sentence and the motion must be dismissed.[2]

---

[2] For at least twenty years, the Tenth Circuit has routinely indicated that district courts lack jurisdiction over motions for relief under § 3582(c) when the movant is not eligible for relief such that those motions should be dismissed rather than denied on the merits.  *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (citing *United States v. Graham*, 304 Fed. Appx. 686, 688 (10th Cir. 2008)); *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996).  This court has dutifully followed that guidance.  Recently, the Circuit has suggested, based solely on a Seventh Circuit decision, that a "question" exists about whether a district court should dismiss such a motion or deny that motion.  *See United States v. Gilmore*, 841 F.3d 909,

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Foy's motion to reduce his sentence (doc. 1776) is dismissed.

**IT IS SO ORDERED.**

Dated this 18th day of January, 2017, at Kansas City, Kansas.

                                  s/ John W. Lungstrum
                                  John W. Lungstrum
                                  United States District Judge

---

910 n.1 (10th Cir. 2016).  Unless and until the Circuit expressly resolves that "question," the court continues to adhere to Circuit precedent on that issue.