# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                                  Case No. 07-20168-04-JWL

**Shevel M. Foy,**

      **Defendant/Petitioner.**

## MEMORANDUM & ORDER

On February 1, 2008, Shevel Foy was charged along with twenty-three other individuals in a 39-count superseding indictment. Ultimately, a jury convicted Mr. Foy of conspiracy to manufacture, possess with intent to distribute or to distribute cocaine base and/or cocaine. At Mr. Foy's sentencing, the court found that Mr. Foy was accountable for in excess of 150 kilograms of cocaine, which corresponded to a base offense level of 38 (the highest level at that time). The court then increased that offense level by two levels based on Mr. Foy's possession of a firearm, for a total offense level of 40. With a criminal history score of I, the resulting guideline range was calculated to be 292 to 365 months and the court ultimately sentenced Mr. Foy to 360 months' imprisonment. *See id.*

On appeal to the Tenth Circuit, Mr. Foy argued that the court relied on insufficient and unreliable evidence in assessing the drug quantity attributable to him and that the court erred in applying a two-level firearm enhancement. The Circuit affirmed the court's rulings on these issues. *United States v. Foy*, 641 F.3d 455 (10th Cir. 2011). In April 2013, the court denied Mr. Foy's motion to vacate under 28 U.S.C. § 2255 and the Circuit rejected Mr. Foy's request for a

certificate of appealability.  In January 2017, this court dismissed Mr. Foy's motion for a sentence reduction pursuant to Amendment 782 on the grounds that the court lacked jurisdiction to reduce Mr. Foy's sentence.  In November 2017, the Circuit affirmed that decision.

This matter is now before the court on Mr. Foy's motion for appointment of counsel and to take judicial notice of facts in anticipation of filing what would be a successive § 2255 motion.  Mr. Foy has asserted no basis for the court's jurisdiction in this closed criminal case and the court discerns none.  *See United States v. Woods*, 2016 WL 3457754, at * (10th Cir. June 21, 2016) (district court does not have jurisdiction over all post-conviction motions).  Moreover, to the extent he intends to file a successive § 2255 motion, he has not obtained authorization from the Circuit to file that motion.  Until he obtains that authorization, this court cannot resolve any such motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Foy's motion for appointment of counsel and to take judicial notice of facts (doc. 1830) is dismissed.

**IT IS SO ORDERED.**

Dated this 20th day of March, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
