IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                          Case No. 07-20168-04-JWL

**Shevel M. Foy,**

      **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant Shevel Foy of conspiracy to manufacture, possess with intent to distribute or to distribute cocaine base and/or cocaine. The court sentenced defendant to 360 months imprisonment. Defendant's projected release date is January 9, 2034.

This matter is now before the court on defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and for the appointment of counsel (doc. 2026). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate

release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence. The court, then, declines to address the other prerequisites.

The defendant argues that extraordinary and compelling reasons exist for his immediate release from prison—his risk of COVID-19 infection while incarcerated; his need to care for his ailing mother; and his significant rehabilitative efforts over the significant length of time that he has already served in prison. As will be explained, the court cannot conclude on this record that the circumstances described by defendant constitute extraordinary and compelling reasons for his immediate release. The motion is denied.[1]

The court begins with, and rejects, defendant's concerns about COVID-19. The record reflects that defendant, in April 2021, refused a COVID-19 vaccine. He does not offer any explanation to the court for this refusal. In *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021), the Circuit found that "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release." *Id*. Rather, that prisoner's risk is "self-incurred." *Id*. Writing for the panel, Judge Easterbrook rejected the "prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id*. Judge Easterbrook summarized his holding as follows:

---

[1] The government has not challenged whether defendant has exhausted his administrative remedies.

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*Id*. While the Tenth Circuit has not yet addressed this specific issue, the court concludes, like the vast majority of courts that have addressed the issue, that Judge Easterbrook's approach is a reasonable one. Because defendant refused a vaccine and has not offered any explanation for that refusal, he cannot establish an extraordinary and compelling reason for a sentence reduction based on COVID-19. *See United States v. Clemons*, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) (reiterating that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability "to receive or benefit from a vaccine"); *United States v. Estevez-Ulloa*, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022) ("Inmates who refuse the vaccine without just cause forgo a powerful protection against illness; they cannot claim that they are at serious risk while declining a potent tool to reduce that very risk."); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[I]f an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction . . . on the grounds that COVID-19 constitutes an extraordinary and compelling justification."); *United States v. Leslie*, 2022 WL 218619, *3 (D. Colo. Jan. 24, 2022) (courts are reluctant to find extraordinary and compelling circumstances relating to COVID-19 when a defendant has refused vaccination) (collecting cases).

The court turns, then, to defendant's motion as it relates to his family situation, particularly his stated need to care for his ailing mother. Defendant asserts that his mother has become incapacitated and that he is the only available caregiver for her. He concedes that he has no evidence that he is the only available caregiver and that the medical records he submitted to support his mother's medical condition are not legible. According to defendant, he can obtain that evidence, and legible records, with the assistance of counsel. But the court agrees with the government that counsel is not required to assist defendant. Because the medical records and desired affidavits described by defendant are within the control of his own family, defendant does not need counsel to assist him in this respect. In his reply, then, defendant seeks an extension of time to produce evidence that he is the only available caregiver and to provide legible medical records to the court.

The court denies the request but does so without prejudice to the filing of an amended motion for compassionate release to the extent defendant is able to produce such evidence at a later date. On this record, the motion for compassionate release based on his family situation is denied in the absence of any evidence that no other person is available to care for defendant's mother.

The court also rejects defendant's argument that his rehabilitation is sufficient to warrant early release.[2] Generally, the rehabilitation of an inmate during his or her incarceration is not grounds for compassionate release. *See, e.g., United States v. Alvarez*, 2020 WL 4904586, at *5

---

[2] In the introductory paragraph of his motion, defendant broadly asserts that compassionate release is also warranted based on "the injustice of Petitioner Shevel [and] his age now and his youth at the time of his offense." He does not mention these grounds in the body of his motion and the court does not address them.

(E.D.N.Y. Aug. 20, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason.") (emphasis in original); *see also United States v. Saldana*, 807 Fed. Appx. 816, 820 (10th Cir. Mar. 26, 2020) (district court did not err in finding, consistent with § 994(t), that defendant's rehabilitation alone was not an extraordinary and compelling reason for a sentence reduction). And while some courts have found extraordinary and compelling circumstances to exist when presented with applications by defendants who had spent substantial time in prison and had demonstrated significant rehabilitation during that time, those courts also found a specific defect or inequity in the defendant's sentence, *see Alvarez*, 2020 WL 4904586, at *5, such as Congress's decision to eliminate stacked sentencing under § 924(c). *See, e.g., United States v. Nafkha*, 2021 WL 83268, at *4 (D. Utah Jan. 11, 2021) (young age at time of offenses, rehabilitation in prison, good character and elimination of mandatory sentence stacking under § 924(c), considered together, established extraordinary and compelling reasons for compassionate release) (collecting cases). That critical factor is absent from the record here. Defendant has not shown anything objectionable about the length of his sentence or any reason why his sentence would be less if imposed today. Moreover, defendant has submitted no evidence supporting his assertion that his rehabilitative efforts have been "extraordinary." While he contends that it is difficult to obtain documents from staff due to restrictions placed on inmates during the pandemic, he has not identified for the court what steps he has taken to obtain those documents. In any event, because the court cannot grant compassionate release based solely on a defendant's rehabilitative efforts—and that is the only basis for release that remains before the court—the motion is denied.

Lastly, the court denies defendant's motion to appoint counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Moreover, defendant's pro se motion for sentence reduction reflects that he is able to articulate his arguments clearly and coherently and the issues implicated by his motion are straightforward. While he contends that counsel would be able to assist him in obtaining evidence supporting his claim that he is the only available caregiver for his ailing mother, that evidence is within the control of defendant and his family. Finally, this District has implemented Administrative Order 20-8, which requires the Federal Public Defender to notify the court within fifteen days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. This ensures that every pro se motion for compassionate release is at least reviewed by that office. Recently, the Federal Public Defender notified the court that it had reviewed defendant's motion and that it did not intend to enter an appearance on his behalf.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 2026) is denied without prejudice to filing an amended motion concerning his stated need to care for his ailing mother when he obtains evidence to support that assertion.

**IT IS SO ORDERED.**

Dated this  30th  day of June, 2022, at Kansas City, Kansas.

                                    s/ John W. Lungstrum

John W. Lungstrum
United States District Judge