IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                   **Case No. 07-20168-04-JWL**

**Shevel M. Foy,**

      **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant Shevel Foy of conspiracy to manufacture, possess with intent to distribute or to distribute cocaine base and/or cocaine. The court sentenced defendant to 360 months imprisonment. Defendant's projected release date is February 19, 2034.

This matter is now before the court on defendant's amended motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 2060). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all

three steps. *Id.* As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence. The court, then, declines to address the other prerequisites.

By way of background, defendant filed a motion for compassionate release in May 2022. At that time, defendant argued that his risk of COVID-19 infection while incarcerated, his need to care for his ailing mother, and his significant rehabilitative efforts constituted extraordinary and compelling reasons for a sentence reduction. The court rejected defendant's COVID-19 argument and his argument concerning his rehabilitation. With respect to defendant's argument that he needed to care for his mother, the court rejected the argument without prejudice to the filing of an amended motion so that defendant could provide evidence that he is the sole available caregiver and evidence concerning his mother's need for care.[1]

In his amended motion, defendant asserts that he is submitting additional evidence with respect to his family situation and, more specifically, his stated need to care for his ailing mother. But the evidence defendant has submitted in support of the amended motion largely has no bearing on his mother. He submits his recidivism risk assessment report, a progress report for his reentry plan, a custody classification form, and computation data regarding the calculation of his remaining sentence. He also submits a letter from his case manager expressing belief that defendant will be a successful and productive individual once released. None of this evidence

---

[1] Defendant conceded in his initial motion that he had no evidence that he is the only available caregiver and that the medical records he submitted to support his mother's medical condition were not legible. He requested an extension of time to provide additional evidence to the court. The court denied the extension of time, but denied the motion for compassionate release without prejudice to filing an amended motion addressing this issue.

relates to the sole issue he raises in his amended motion—his mother's health condition and her need for care by defendant.

Defendant has provided a letter from his sister indicating that their mother is paralyzed from a stroke and is in "dire need of proper care, attention and love" and that defendant "may have a bit more patience" than she does. Defendant's sister, however, does not state that defendant is the only available caregiver. In fact, in his reply brief, defendant states that his mother is presently residing in a nursing home in Shawnee, Kansas. He does not suggest that the care she is receiving in that facility is inadequate in any respect. The amended motion, then, is denied.[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's amended motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 2060) is denied.

**IT IS SO ORDERED.**

Dated this  20   day of December, 2022, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] In his reply, defendant raises new arguments in support of his motion, including that his incarceration during the COVID-19 pandemic constitutes cruel and unusual punishment; that his criminal conduct was less severe than the conduct of his co-defendants; that other courts have granted release to defendants who committed "heinous and grand scale crimes"; and that he has matured significantly during his incarceration. The court denies the motion with respect to these arguments raised for the first time in defendant's reply brief. *See United States v. Minnie*, 971 F.3d 1145, 1158 n.19 (10th Cir. 2018) (party waives arguments raised for the first time in reply brief).