IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

v.                                                                                           Case No. 07-20168-04-JWL

**Shevel M. Foy,**

       **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant Shevel Foy of conspiracy to manufacture, possess with intent to distribute or to distribute cocaine base and/or cocaine. The court sentenced defendant to 360 months imprisonment. Defendant's projected release date is February 19, 2033.

On June 30, 2022, this court denied defendant's motion for compassionate release and/or sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). In doing so, the court rejected defendant's argument that his release from prison was warranted in light of his risk of COVID-19 infection while incarcerated. This matter is now before the court on another motion for compassionate release and/or sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 2074) in which defendant again asserts that his "incarceration during a global pandemic" constitutes an extraordinary and compelling reason for his release and that, in light of the pandemic, his sentence has increased in severity.

The government opposes the motion on the grounds that the motion constitutes an untimely motion for reconsideration. Because defendant's motion again raises the argument that COVID-19 warrants his release from prison, it is clearly a motion to reconsider. The Federal Rules of

Criminal Procedure do not authorize motions for reconsideration. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). Such motions are proper, however, whether filed by a defendant or the government. *Id*. at 1242. The Circuit has held that motions to reconsider in criminal proceedings must be filed within 14 days of the order. *Id*. (holding that motion to reconsider "the denial of a § 3582(c)(2) motion must be brought within the time for appeal"). The court's memorandum and order addressing the merits of defendant's argument concerning COVID-19 was issued in June 2022. Because defendant's motion was filed more than ten months after the original order, it is untimely. *See United States v. Ramsey*, 2021 WL 4452337, at *1-2 (10th Cir. Sept. 29, 2021) (motion for reduced sentence pursuant to Amendment 782 was properly denied as untimely when it was filed more than 5 years after initial order denying relief); *United States v. Heath*, 846 Fed. Appx. 725, 728 (10th Cir. Mar. 5, 2021) (motion for reconsideration of the denial of a § 3582(c)(1) motion must be filed within 14 days of order). Defendant's motion, then, is denied as untimely.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release and/or sentence reduction (doc. 2074) is **denied**.

**IT IS SO ORDERED.**

Dated this 5th day of July, 2023, at Kansas City, Kansas.

s/John W. Lungstrum

John W. Lungstrum
United States District Judge

IT IS SO ORDERED.

Dated this _____ day of June, 2022, at Kansas City, Kansas.

_____

John W. Lungstrum

United States District Judge

3