IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        **Plaintiff,**

v.                                            Case No. 07-20168-04-JWL

**Shevel M. Foy,**

        **Defendant.**

## MEMORANDUM & ORDER

In February 2008, defendant Shevel Foy was charged along with twenty-three other individuals in a 39-count superseding indictment. A jury convicted defendant of conspiracy to manufacture, possess with intent to distribute or to distribute cocaine base and/or cocaine. At sentencing, the court increased defendant's offense level by two levels based on defendant's possession of a firearm and ultimately sentenced defendant to 360 months imprisonment.

This matter is presently before the court on defendant's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines and a request for the appointment of counsel (doc. 2082); and two motions asking the court to direct the government to produce certain documents (doc. 2083, 2084) that defendant contends are relevant to the court's determination of an appropriate sentence in light of his requested reduction. As will be explained, that aspect of the first motion seeking a reduced sentence is dismissed for lack of jurisdiction and that aspect of the first motion seeking appointed counsel is denied. The motions seeking orders directing the government to produce documents are moot because no reduction is authorized.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.  *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."  With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]"

U.S.S.G. § 4C1.1(a).

Defendant suggests in his motion that he was assigned no criminal history points and that, accordingly, he is a zero-point offender entitled to a decrease in two offense levels. But defendant plainly fails to meet Amendment 821's eligibility requirements. While defendant is correct that he has no scoreable criminal history, he received a two-level enhancement for possessing a firearm in connection with his offense. *See* Doc. 1055, PSR ¶ 184. This enhancement renders him ineligible under § 4C1.1(a)(7). Thus, because the reduction is not authorized, the court lacks jurisdiction to reduce defendant's sentence. And because defendant does not qualify for a reduction pursuant to Amendment 821, defendant's motions seeking documents relating to any re-sentencing are moot.

Lastly, the court denies defendant's request for counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Thus, defendant is not entitled to the appointment of counsel at this juncture. Moreover, because the record undisputedly indicates that defendant is not eligible for a reduction under Amendment 821, there is simply no reason to appoint counsel to assist defendant in connection with his motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and request for the appointment of counsel (doc. 2082) is **dismissed in part and denied in part**; and his motions asking the court to direct the government to produce certain documents (doc. 2083, 2084) are **moot.**

**IT IS SO ORDERED.**

Dated this 12th day of April, 2024, at Kansas City, Kansas.

                                                s/John W. Lungstrum
                                        HON. JOHN W. LUNGSTRUM
                                        United States District Judge